### HIGGINS et al. v. CALIFORNIA PRUNE & APRICOT GROWERS, Inc.

(Circuit Court of Appeals, Second Circuit. December 5, 1922.)

**1. Injunction ⬅⟹228—Motion to quash held not contempt.**

Where growers' association had been enjoined from prosecuting suit against H., *held*, that H., not being under any injunction, did not commit contempt, or violate any injunction, in making motion to quash and set aside service of summons in such action.

**2. Contempt ⬅⟹10—Charge against attorney that he made false statement to the court held unsubstantiated.**

Charge against attorney that he committed contempt by false statement to the court *held* entirely unsubstantiated.

In Equity. Suit by William A. Higgins and another against the California Prune & Apricot Growers, Inc. On motion to punish W. A. Higgins and his counsel, E. J. Myers, for contempt. Application denied.

See, also, 282 Fed. 550.

Motion, brought on by order to show cause, to punish W. A. Higgins and his counsel, E. J. Myers, as for a contempt, in that they advised, induced, directed, and prepared a certain motion in the United States District Court for the Northern District of California to set aside the service of the summons issued in a cause depending in said court, but removed from the superior court of Los Angeles county, Cal. Further, to punish said E. J. Myers for a contempt, in that Mr. Myers on May 22, 1922, said, in the chambers of Judge Rogers, of this court, that he (Myers) had no knowledge of the fact that Mr. Preston (attorney of record for Higgins in said suit in the Northern district of California) had instituted said proceedings to set aside the service of said summons; such assertion of ignorance on his part being false.

Thomas G. Chamberlain, of New York City (David L. Levy, of San Francisco, Cal., of counsel), for the motion.

Emanuel J. Myers, of New York City, opposed.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

---

⬅⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

PER CURIAM. [1] This motion is entitled in a cause heard at the last term of this court and in which mandate has gone down. We no longer have jurisdiction of this case. But the proceeding has no real relation to the cause in the caption. It should be entitled "In the Matter of E. J. Myers, an Attorney, in Respect of Alleged Unprofessional Conduct." At the request of both parties we have considered it.

The substance of the matter is that Higgins, a layman, with his New York counsel, Myers, violated an injunction issuing out of the District Court for the Southern District of New York, but brought up to this court by the appeal heard by us last term. The fact of the appeal is the only excuse for bringing the matter to our attention.

It is entirely clear that Higgins had nothing to do with the matter, except as a party and as any client is connected with the various steps taken in his interest by his attorneys. The exact thing complained of is that when the California, etc., Growers had been by the District Court for the Southern District of New York enjoined from "maintaining, prosecuting, and proceeding with" (inter alia) the aforesaid suit in the Northern district of California, in which they were plaintiffs, and from "taking any further steps or proceedings therein," the California attorney of record, Mr. Preston, filed a motion to quash and set aside the service of summons.

It is entirely uncontradicted that this motion was made just as Higgins' time to answer was about to expire. We are satisfied that the California attorneys for the defendants in the cause first above entitled refused to extend the time for such answer. As a matter of strict practice they were probably right in so doing. But it was absolutely incumbent upon Higgins to make (not necessarily press) the motion to quash before he was in default for lack of an appearance and answer. If Higgins had appeared for any other purpose, except moving to quash, he was in peril of being held to have waived the privilege upon which he depended for escaping suit in that particular jurisdiction.

But Higgins was under no injunction, and we are unable to see that he violated any injunction in taking this formal step for his own protection. As for pressing the motion when the other side was under an injunction, that is a matter that could always have been taken care of by the court in which the motion was made.

[2] The charge against Mr. Myers is that he falsely stated on the 22d of May, 1922, that he did not know of this motion's being made *when it was made*, to wit, May 18, 1922. Having already observed that we perceive no reason why the motion should not have been made, we now add that, having perused the affidavits, we (1) perceive no reason to doubt the truth of Mr. Myers' assertion that he did not know; and (2) there was no reason why he should know, because the matter was the plainest routine of practice. It was properly attended to in the office of the California attorneys of record; it would have been unnatural and unnecessary for New York counsel to have been consulted about it. We regard this application as trivial, except in so far as it seeks to impugn the character of a member of the bar, and that, of course, is never trivial.

The application is denied.